**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Ohio County Commission, *et al.*,

               Plaintiffs,

v.

Express Scripts, Inc., *et al.*,

               Defendants.

Lead Case No.: 5:24-CV-142-JPB

Honorable John Preston Bailey

**[PROPOSED] AGREED PROTECTIVE ORDER**

## I.    <u>Scope of Order</u>

1.      Disclosure and discovery activity in this proceeding may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). Unless otherwise noted, this Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Unless otherwise stated, all periods of time provided for in this Order are calculated as calendar days.

2.      This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during this proceeding, in the consolidated actions of *Ohio County Commission et al v. Express Scripts, Inc. et al.*, Case No. 5:24-CV-142-JPB and *City of Wellsburg et al. v. Express Scripts, Inc. et al.*, No. 5:25-CV-164-JSB ("the Litigation"). This includes all materials produced or adduced in the course of discovery, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any Party or a non-Party to this Litigation (the "Producing Party") to any other Party or Parties or non-Parties

1

(the "Receiving Party"). This Protective Order is binding upon all the Parties to this Litigation, including their respective corporate parents, subsidiaries, and affiliates, their respective attorneys, principals, agents, experts, consultants, representatives, directors, officers, and employees, and others as set forth in this Protective Order.

3.     Non-Parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.  All such non-Parties are entitled to protections afforded hereby and subject to the obligations contained herein upon signing a declaration and agreeing to be bound by the terms of this Order.

4.     Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she, they, or it may designate documents or testimony in this Litigation produced pursuant to such subpoena according to the provisions herein.

5.     The entry of this Protective Order does not preclude any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

6.     Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court, arbitration, or other proceeding of any document, testimony, or other evidence.

7.     This Protective Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under the applicable legal principles for treatment as confidential. The Court expects and will assume that the attorney submitting any Protected Material designations has reviewed them subject to Rule 11 and all other applicable rules of civil procedure and ethics. Parties shall not be overly broad in designating materials as Protected Material under this Protective Order.

8.     Any Discovery Material produced by a Party or a non-Party in this Litigation, including but not limited to any Discovery Material that is designated as "CONFIDENTIAL

HEALTH INFORMATION," "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY— P&T MEMBER IDENTIFYING INFORMATION" as provided in Section II of this Protective Order, may be used only for purposes of this Litigation, including any appeals of this Litigation. Such Discovery Material must not be used for any business, competitive, personal, private, or public purpose, or for any purpose other than this Litigation. Disclosure of Discovery Material is prohibited, except as expressly provided in this Protective Order.

## II.    **Definitions**

9.    <u>Party.</u> "Party" means any of the parties in this Litigation at the time this Protective Order is entered, including officers and directors of such parties. If additional parties are added other than parents, subsidiaries, or affiliates of current parties to this Litigation, then their ability to receive Protected Material as set forth in this Protective Order will be subject to them being bound, by agreement or Court Order, to this Protective Order.

10.    <u>Designating Party.</u> "Designating Party" means a Party (or, if applicable, non-Party) producing information covered by this Order.

11.    <u>Discovery Material.</u> "Discovery Material" means any information, document, or tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any Party in such form, the Producing Party may designate such matters as confidential by a designation of "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING

INFORMATION" on the media or a separate document served with the media. Whenever any Party to whom Computerized Material designated as "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL—ATTORNEYS'    EYES    ONLY—P&T    MEMBER    IDENTIFYING INFORMATION"  is produced reduces such material to hardcopy form, that Party shall mark the hardcopy form with the corresponding "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," "CONFIDENTIAL HEALTH INFORMATION," or "HIGHLY CONFIDENTIAL—ATTORNEYS'    EYES    ONLY—P&T    MEMBER    IDENTIFYING INFORMATION" designation or include the same on a separate document served with the Computerized Material.

12.    <u>Competitor</u>. Competitor means any company or individual, other than the Designating Party, engaged in the design; development; manufacture; regulatory review process; dispensing; marketing; distribution; creation, prosecution, pursuit, or other development of an interest in protecting intellectual property; and/or licensing of any product or services involving opioids; provided, however, that this section shall not be construed as limiting the disclosure of Discovery Material to an Expert in this Litigation, so long as the notice required under Paragraph 44 is provided to the Designating Party prior to any such disclosure where required, and so long as no Discovery Material produced by one Defendant is shown to any current employee or consultant of a different Defendant, except as provided in Paragraphs 39, 40, and 41.

13.    <u>Confidential Health Information.</u> "CONFIDENTIAL HEALTH INFORMATION" means information that the Designating Party believes in good faith is of the type protected under state or federal law, or where such protection is necessary to protect the privacy of the patient/insured/member, including, but not limited to, patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal health information. "CONFIDENTIAL HEALTH

INFORMATION" encompasses any patient health information protected by state or federal law, including, but not limited to, "Protected Health Information," as defined and set forth in 45 C.F.R. § 160.103.

    a.    "Protected Health Information," as used here, has the same scope and definition as set forth in 45 C.F.R. Parts 160 and 164. Without limiting the generality of this Section, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to Protected Health Information as defined in 45 C.F.R. § 160.103:

    i.    Names;

    ii.    All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    iii.    All elements of dates (except year) for dates directly related to an individual, including birth date, admission date,

discharge date, age, and date of death; and all ages over 89 and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

iv.    Telephone numbers;

v.    Fax numbers;

vi.    Electronic mail addresses;

vii.    Social security numbers;

viii.    Medical record numbers;

ix.    Health plan beneficiary numbers;

x.    Account numbers;

xi.    Certificate/license numbers;

xii.    Vehicle identifiers and serial numbers, including license plate numbers;

xiii.    Device identifiers and serial numbers;

xiv.    Web universal resource locators ("URLs");

xv.    Internet protocol ("IP") address numbers;

xvi.    Biometric identifiers, including finger and voice prints;

xvii.    Full face photographic images and any comparable images;

xviii.    Any other unique identifying number, characteristic, or code; and

xix.    Any other identification that the Producing Party knows could be used alone or in combination with other information to identify an individual who is the subject of the information.

b.    "CONFIDENTIAL HEALTH INFORMATION" does not include any document or information in which the Producing Party has redacted the

6

identifiers listed above and does not have actual knowledge that the document or information produced could be used alone or in combination with other information to identify an individual who is the subject of the document or information produced. The Producing Party may, but is not required to, perform such redactions before producing documents that originally contained "CONFIDENTIAL HEALTH INFORMATION."

c.    <u>Safeguards for "CONFIDENTIAL HEALTH INFORMATION"</u>:    The Parties also seek to ensure that any person who receives and stores "CONFIDENTIAL HEALTH INFORMATION" in connection with this Litigation will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any "CONFIDENTIAL HEALTH INFORMATION," and to prevent unpermitted use or disclosure of any "CONFIDENTIAL HEALTH INFORMATION" they may receive from any person in connection with this Litigation.  At a minimum, all Parties and persons or entities who might receive "CONFIDENTIAL HEALTH INFORMATION" agree that they will (1) comply with the Privacy and Security Rules as defined in Paragraph 82 and otherwise herein; (2) establish contractual controls that require any vendors, experts, or parties that might receive "CONFIDENTIAL HEALTH INFORMATION" to comply with the Privacy and Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the Privacy and Security Rules.  "CONFIDENTIAL HEALTH INFORMATION" will be securely returned or destroyed pursuant to the provisions of this Order.

14.    <u>"Confidential"</u>. "CONFIDENTIAL" means Discovery Material that any Producing Party, including any non-Party, in good faith, believes falls within one or more of the following

categories, which is representative, but not exhaustive, of potential categories of "CONFIDENTIAL" Discovery Material.

    a.    The following categories are representative of potential categories of "CONFIDENTIAL" Discovery Material:

        i.    information prohibited from disclosure by any applicable federal or state laws, regulations, and statutes;

        ii.    research, technical, commercial, or financial information that is not publicly available;

        iii.    current and past (to the extent they reflect on current) methods, procedures, and processes related to pharmaceuticals;

        iv.    current and past (to the extent they reflect on current) business planning that is not publicly available;

        v.    protected law enforcement materials (including investigative files, overdose records, Narcan, coroner's records, court records, and prosecution files);

        vi.    current and past research, development, production, and manufacturing information;

        vii.    intellectual property; and

        viii.    other information for which a good faith claim of need of protection can be made under applicable law.

    b.    Information and/or documents that are publicly available may not be designated as "CONFIDENTIAL," including, without limitation, catalogs, advertising materials, and the like that have been publicly disseminated. In addition, to the extent that a Designating Party produces Discovery Materials in this Litigation that were produced and designated as "CONFIDENTIAL" in *In re National Prescription Opiate Litigation*, Case

No. 1:17-MD-2804 (N.D. Ohio), *In Re: Opioid Litigation*, Civil Action No. 19-C-1900 (Cir. Ct. Kanawha Cty), or in any other opioid litigation matter in state or federal jurisdictions, those Discovery Materials will be designated as "CONFIDENTIAL" under this Protective Order. In designating Discovery Materials as "CONFIDENTIAL," the Producing Party shall do so only after determining, in good faith, that the material would be entitled to protection consistent with the provisions of this Protective Order, rulings of the Court, and under applicable law. Nothing herein shall be construed to allow for global designations of all documents as "CONFIDENTIAL."

15.    <u>"Highly Confidential"</u>. "HIGHLY CONFIDENTIAL" is defined herein as information which the Producing Party believes in good faith will, if disclosed, disseminated, or used by any person not enumerated in Paragraphs 40 and 41, could reasonably result in possible antitrust violations or commercial, financial, or business harm. In addition, to the extent that a Producing Party produces discovery materials in this action that were produced and designated as "HIGHLY CONFIDENTIAL" in *In re National Prescription Opiate Litigation*, Case No. 1:17-MD-2804 (N.D. Ohio) or in any other opioid litigation matter in state or federal jurisdictions, those discovery materials will be designated as "HIGHLY CONFIDENTIAL" under this Protective Order. In designating discovery materials as "HIGHLY CONFIDENTIAL," the Producing Party shall do so only after determining, in good faith, that the material would be entitled to protection consistent with the provisions of this Protective Order and under applicable law. Nothing herein shall be construed to allow for global designations of all documents as "HIGHLY CONFIDENTIAL."

16.    <u>Highly Confidential—Attorneys' Eyes Only</u>. "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" means information properly designated as "HIGHLY CONFIDENTIAL" within the terms defined in Paragraph 15 and which if disclosed, disseminated, or used by any person not enumerated in Paragraph 41, creates extraordinary risk of harm,

including harm to non-Parties; and/or infringes on the privacy interests of non-Parties. Notwithstanding the right for a Party to designate information "HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY," nothing in this Order requires any party to disclose information that waives any privilege, including but not limited to, attorney–client privilege or law enforcement privilege. Nothing in this Order requires any party to disclose information that is protected from disclosure by law or that requires authorization of non-parties to this Litigation, such as state or U.S. Government agencies.

    a.    Information may be designated and marked as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" through the procedures set forth in this Protective Order. In designating discovery materials as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Producing Party must do so in good faith consistent with the provisions of this Protective Order and under applicable law.  Nothing herein shall be construed to allow for global designations of all documents as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY".

    b.    To the extent documents in this Litigation have already been produced as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Producing Party will be entitled to the protections of this Order. In addition, to the extent that a Producing Party produces discovery materials that were produced and designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in *In re National Prescription Opiate Litigation*, Case No. 1:17-MD-2804 (N.D. Ohio), *In Re: Opioid Litigation*, Civil Action No. 19-C-1900 (Cir. Ct. Kanawha Cty), or in any other opioid litigation matter in state or federal jurisdictions, those discovery materials will be designated to be "HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" under this Protective Order.

17.    <u>Highly Confidential—Attorneys' Eyes Only—P&T Member Identifying Information.</u> "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" means information that is designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and involves the identities of members of the Pharmacy and Therapeutics ("P&T") Committee of Express Scripts, Inc. Any documents, transcripts, or other materials produced in this litigation or previously produced in the MDL that contain unredacted identifying information of current or former members of a Party's P&T Committee must be held in the strictest of confidence. Counsel for Plaintiffs in this Litigation may access such documents pursuant to the Protective Order Regarding Identities of Members of Express Scripts' Pharmacy and Therapeutics Committee, dated April 30, 2024, filed in *In re National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio) (MDL ECF No. 5422) (the "MDL P&T Protective Order"), provided that said Counsel agrees to be bound by the terms of the MDL P&T Protective Order. Such materials may not be filed publicly in this Litigation or in any other case in federal or state court unless the P&T identifying information and any other "CONFIDENTIAL" information is redacted. Such materials also may not be circulated to—or placed into a depository providing access to—anyone other than an individual who (i) is actively working on this Litigation, (ii) has a need to know, and (iii) otherwise qualifies to access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials. To help identify such materials, the Producing Party will apply to such materials a confidentiality designation such as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION."

18.    <u>Producing Party.</u> "Producing Party" means a Party to this Litigation, and all directors, officials, employees, and agents (other than Counsel) of the Party or any non-Party that produces or otherwise makes available Discovery Material to a Receiving Party, subject to Paragraph 3.

19.    <u>Receiving Party.</u> "Receiving Party" means a Party to this Litigation (or, if applicable, non-Party), and all employees, agents, officials, and directors (other than Counsel) of

the Party that receives Discovery Material covered by this Order. If additional parties are added other than parents, subsidiaries or affiliates of current parties to this Litigation, then their ability to receive Discovery Material designated as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" as set forth in this Protective Order will be subject to them being bound, by agreement or Court Order, to this Protective Order.

20.    <u>Protected Material.</u> "Protected Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material, that is designated as "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" in accordance with this Protective Order.

21.    <u>Outside Counsel.</u> "Outside Counsel" means any law firm or attorney who represents any Party for purposes of this Litigation.

22.    <u>In-House Counsel.</u> "In-House Counsel" means attorney employees of any Party.

23.    <u>Counsel.</u> "Counsel," without another qualifier, means Outside Counsel and In-House Counsel.

24.    <u>Independent Expert.</u> "Independent Expert" means an expert and/or independent consultant, and their staff, who are formally retained and/or employed to advise or to assist Counsel in the preparation and/or trial of this Litigation, but are not employed by a Party, to whom it is reasonably necessary to disclose documents that are designated "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY-P&T MEMBER IDENTIFYING INFORMATION", and/or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" for the purpose of this Litigation.

25. <u>This Litigation.</u> "This Litigation" means the consolidated actions *Ohio County Commission et al v. Express Scripts, Inc. et al.*, Case No. 5:24-CV-142-JPB and *City of Wellsburg et al. v. Express Scripts, Inc. et al.*, Case No. 5:25-CV-164-JPB.

26. <u>The Federal MDL.</u> "The Federal MDL" means all actions in MDL No. 2804*, In re: National Prescription Opiate Litigation*.

27. <u>The Jefferson County Litigation.</u> "The Jefferson County Litigation" means *Jefferson County v. Dannie E. Williams, M.D., et al.*, Case No. 20EJ-CC00029, in the Missouri Circuit Court, Twenty-Third Judicial Circuit.

## III.    **Designation and Redaction of Discovery Material**

28. For each document produced by any Producing Party that contains or constitutes Protected Material pursuant to this Protective Order, each page shall be marked "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" or comparable notices.

29. A Party may designate Discovery Material as Protected Material notwithstanding the fact that the designated materials may be in the possession of a different Party or a non-Party.

30. Specific discovery responses produced by the Producing Party shall, if appropriate, be designated as Protected Material by marking the pages of the document that contain such information with the notation "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION", "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION", or comparable notices.

31. Information disclosed through testimony at a deposition taken in connection with this Litigation may be designated as Protected Material by designating the portions of the transcript

in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Producing Party's receipt of the certified transcript of a deposition. The 30-day period may be extended by agreement. The court reporter will indicate the portions designated as Protected Material and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Such transcripts will be treated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY until the expiration of the 30-day period. If the Producing Party does not serve a designation letter within the 30-day period, then the entire transcript will be deemed not to contain Protected Material and the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend shall be removed.

32.    In accordance with this Protective Order, only the persons identified under Paragraphs 40, 41, and 42 below, along with the witness and the witness's counsel, may be present if any questions regarding Protected Material are asked. This paragraph shall not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective Order.

33.    A Party in this Litigation may designate as Protected Material any Discovery Material, document, material, or other information produced by, or testimony given by, any other person or entity that the Designating Party reasonably believes qualifies as the Designating Party's Protected Material pursuant to this Protective Order. Any such designation may only be made after determining, in good faith, that the material would be entitled to protection consistent with the provisions of this Protective Order and under applicable law. The Party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any Party receiving information from a non-Party shall treat such information as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during this thirty (30) day period while all Parties have an opportunity to review the information and determine whether it should be

14

designated as Protected Material. Any Party designating non-Party information as Protected Material will have the same duties and rights as a Producing Party under this Protective Order with respect to such information.

34. In order to protect against unauthorized disclosure of Protected Material, a Producing Party may redact certain information from produced documents, materials, or other things. A Producing Party will make reasonable efforts to ensure  redactions are clearly indicated on the face of the document. The basis for the redactions must either appear on the redactions themselves and in a metadata field that indicates that the document contains redactions and the basis for the redactions (e.g., "Personal Identifying Information") pursuant to the ESI protocol. Specifically, the Producing Party may redact or de-identify at least the following information, and any other information that the parties agree may be redacted in the course of the Litigation:

    a.   <u>Personal Identifying Information.</u> The names, home addresses, personal email addresses, home telephone numbers, Social Security or tax identification numbers, and other private information protected by law of (a) individuals in clinical studies or adverse event reports whose identity is protected by law, (b) undercover law enforcement personnel and confidential informants, and (c) patient identified information that is protected by 42 CFR § 2.12 and associated regulations consistent with the Order Governing Production of Medical and Pharmacy Claims Data in Track One Cases entered in The Federal MDL. *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-02804 (N.D. Ohio Mar. 7, 2019), ECF No. 1421. Further, Social Security numbers, tax identification numbers, and other private information protected by law of current and former employees.

    b.   <u>Privileged Information.</u> Information protected from disclosure by the attorney–client privilege, work product doctrine, or other such legal privilege protecting information from discovery in this Litigation. The

obligation to provide, and form of, privilege logs will be addressed by a separate ESI Order.

c.      <u>Third Party Confidential Information.</u> If agreed to by the Parties or ordered by the Court under Paragraph 87, information that is protected pursuant to confidentiality agreements between Designating Parties and third parties, as long as the agreements require Designating Parties to redact such information in order to produce such documents in litigation.

d.      <u>Non-opioid drugs</u>. To the extent any document, materials, or other things produced contain segregated, non-responsive Protected Material concerning a Producing Party's non-opioid products (or, in the case of Plaintiff, concerning programs, services, or agencies not at issue in this Litigation), the Producing Party may redact that segregated, non-responsive, Protected Material except: (i) that if a Producing Party's non-opioid product is mentioned in direct comparison to the Producing Party's opioid product, then the name and information about that product may not be redacted, or (ii) if the redaction of the name and information about the Producing Party's non-opioid product(s) would render the information pertaining to Producing Party's opioid product meaningless or would remove the context of the information about the Producing Party's opioid product, the name and information about the other product(s) may not be redacted.  Nothing in this paragraph shall restrict Plaintiffs' right and ability to request information about such other products nor restrict Defendants' right to object or otherwise seek protection from the Court concerning any such request.

e.      <u>P&T Committee Member Identifying Information</u>. The Defendants may redact identifying information of current members of their P&T Committees in documents or other materials produced. The Defendants may

also withhold such identifying information from responses to interrogatories or other discovery requests, and the Defendants may instruct witnesses at depositions not to provide answers that would reveal the identity of current members of a Defendant's P&T Committee.

f.  Law Enforcement Records.  Plaintiffs may withhold or redact the following specific protected information: (i) records of ongoing criminal investigations, and (ii) records or information provided to the Party by DEA, FBI, or another state or federal law enforcement agency that such agency designates is of a sensitive nature.  The fact of redacting or withholding does not create a presumption that the redaction or withholding is valid, and Receiving Parties can challenge redactions freely after providing appropriate notice to the Producing Party and (if applicable) the agency asserting the privilege or confidentiality redaction.

35.    Receiving Parties can challenge redactions after providing appropriate notice with adequate description of the basis for the challenge to the Producing Party and (if applicable) the agency asserting the privilege or confidentiality redaction.

36.    Pursuant to 21 C.F.R. §§ 314.430(e)(4)(i)–(ii) and 20.63(f), the names of any person or persons reporting adverse experiences of patients and the names of any patients who were reported as experiencing adverse events that are not redacted shall be treated as confidential, regardless of whether the document containing such names is designated as CONFIDENTIAL INFORMATION, CONFIDENTIAL HEALTH INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION, or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION. No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Producing Party or a Court Order.

37.    Any Producing Party that reproduces documents in this Litigation that were originally produced in another opioid litigation, such as *Jefferson County v. Williams*, No. 20JE-CC00029 (Mo Cir. Ct.) or *In re National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), is not required to alter any redactions or confidentiality designations that those documents may contain.   However, nothing prevents a Receiving Party from seeking to have any such redactions or confidentiality designations removed or changed.

IV.    **Access to Discovery Material**

38.    <u>General.</u> The Receiving Party and counsel for the Receiving Party shall not disclose or permit the disclosure of any Protected Material to any non-Party person or entity except as set forth in Paragraphs 39, 40, and 41.

39.    In the absence of written permission from the Producing Party or an order of the Court, any "CONFIDENTIAL" Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and its contents shall not be disclosed to any person unless that person falls within at least one of the following categories:

a.    Outside Counsel and In-House Counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel;

b.    Vendor agents retained by the parties or counsel for the parties, provided that the vendor agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

c.    The Parties;

d.    Present or former officers, directors, officials, and employees of a Party, provided that a former officer, director, officials, or employee of the Designating Party may be shown "CONFIDENTIAL" Information prepared after the date of his or her departure only to the extent counsel for the Receiving Party determines in good faith that the official/employee's assistance is reasonably necessary to the conduct of this Litigation and

18

provided that such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound. Nothing in this paragraph will be deemed to permit the showing of one Defendant's "CONFIDENTIAL" Information to an officer, director, official, or employee of another Defendant, except to the extent otherwise authorized by this Order;

e.     Stenographic employees and court reporters recording or transcribing testimony in this Litigation;

f.     The Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

g.     Independent Experts, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

h.     Any individual(s) who authored, prepared, or previously reviewed or received the information;

i.     Those liability insurance companies from which any Defendant has sought or may seek insurance coverage to (i) provide or reimburse for the defense of this Litigation and/or (ii) satisfy all or part of any liability in this Litigation, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

j.     Witnesses during deposition, who may be shown, but shall not be permitted to retain, "CONFIDENTIAL" Information; provided, however, that, unless otherwise agreed by the relevant Parties or ordered by the Court, no "CONFIDENTIAL" Information of one Defendant may be shown to any witness who is a current employee of another Defendant who is not otherwise authorized to receive the information under this Order;

k.      Any mediator agreed upon by the Parties in this Litigation, and such mediator's employee's and staff.

l.      Any individual to whom/which disclosure of "CONFIDENTIAL" Information is permitted pursuant to the MDL 2804 Protective Order (MDL 2804 Doc. No. 4028).

40.     In the absence of written permission from the Producing Party or an order of the Court, any "HIGHLY CONFIDENTIAL" Information produced in accordance with the provisions of this Protective Order shall be used solely for purposes of this Litigation and its contents shall not be disclosed to any person unless that person falls within at least one of the following categories:

a.      Outside Counsel and In-House Counsel for the Parties and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel. Information designated as "HIGHLY CONFIDENTIAL" by any Defendant may be disclosed to In-House Counsel of another Defendant, provided that the In-House Counsel (i) has regular involvement in the Litigation (ii) disclosure to the individual is reasonably necessary to this Litigation, and (iii) the individual completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound. Except as otherwise provided in this Order or any other Order in this Litigation, no other Employees of a Defendant may receive the "HIGHLY CONFIDENTIAL" information of another.

b.      Vendor agents retained by the Parties or counsel for the Parties, provided that the vendor agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

c.      The Producing Party or Parties that have produced the information;

d.      Stenographic employees and court reporters recording or transcribing testimony in this Litigation;

e.      The Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

f.      Independent Experts, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

g.      Any individual(s) who authored, prepared, or previously reviewed or received the information;

h.      Witnesses during deposition, who may be shown, but shall not be permitted to retain, "HIGHLY CONFIDENTIAL" Information; provided, however, that, unless otherwise agreed by the relevant Parties or ordered by the Court, no "HIGHLY CONFIDENTIAL" Information of one defendant may be shown to any witness who is a current employee of another defendant who is not otherwise authorized to receive the information under this Order;

i.      Any mediator agreed upon by the Parties in this Litigation, and such mediator's employee's and staff.

j.      Any individual to whom/which disclosure of "HIGHLY CONFIDENTIAL" Information is permitted pursuant to the MDL 2804 Protective Order (MDL 2804 Doc. No. 4028).

41.      In the absence of written permission from the Producing Party or an order of the Court, any "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information produced under this Protective Order must be used solely for purposes of this Litigation and its contents must not be disclosed to any person unless that person falls within at least one of the following categories:

a.      Outside Counsel for the Parties and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel;

b.     Vendor agents retained by the parties or counsel for the Parties, provided that the vendor agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

c.     Stenographic employees and court reporters recording or transcribing testimony in this Litigation;

d.     The Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

e.     Independent Experts, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound;

f.     The Producing Party or Parties that have produced the information;

g.     Any individual(s) who authored, prepared, or previously reviewed or received the information as well as any current or former employees and/or representatives of the Producing Party;

h.     Any mediator agreed upon by the Parties in this Litigation, and such mediator's employees and staff.

i.     Any individual to whom/which disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information is permitted pursuant to the MDL 2804 Protective Order (MDL 2804 Doc. No. 4028).

42.     In the event that In-House Counsel (or current employees) of any  Party or non-Party except for the Plaintiff is present at the deposition of an employee or former employee of the Producing Party, before a document designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" is used in the examination, such In-House Counsel (or current

employees) must excuse themselves from the deposition room or video without delaying or disrupting the deposition.

## V.    Confidentiality Acknowledgment

43.    Each person required under this Order to complete the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound, shall be provided with a copy of this Protective Order, which he or she shall read, and, upon reading this Protective Order, shall sign an Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. These Acknowledgments are strictly confidential. Unless otherwise provided in this Order, Counsel for each Party shall maintain the Acknowledgments without giving copies to the other side. The Parties expressly agree, and it is hereby ordered that, except in the event of a violation of this Protective Order, there will be no attempt to seek copies of the Acknowledgments or to determine the identities of persons signing them. If the Court finds that any disclosure is necessary to investigate a violation of this Protective Order, such disclosure will be pursuant to separate court order. Persons who come into contact with Protected Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Acknowledgements, but must comply with the terms of this Protective Order.

## VI.    Litigation Experts and Consultants

44.    Formally Retained Independent Experts and Consultants. Subject to the provisions of this Protective Order, Protected Material may be disclosed to any formally retained Independent Expert who has agreed in writing pursuant to Paragraph 43 or on the record of a deposition to be bound by this Protective Order and completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound. The Party retaining an Independent Expert must use diligent efforts to determine if the Independent Expert is currently working with or for a Non-Party Competitor of a Producing Party in connection with a Competitor's opioid product. Prior to the initial disclosure of any information designated as Protected Material to an Independent Expert

who is currently working with or for a Non-Party Competitor of a Producing Party in connection with a Competitor's opioid product, the party wishing to make such a disclosure ("Notifying Party") shall provide to counsel for the Producing Party in writing, which may include by e- mail, a statement that such disclosure will be made, identifying the general subject matter category of the Discovery Material to be disclosed, providing the nature of the affiliation with the Competitor entity, the Non-Party Competitor's identity, and stating the general purpose of such disclosure; the specific name of the formally retained Independent Expert need not be provided. The Producing Party shall have seven (7) days from its receipt of the notice to deliver to the Notifying Party its good faith written objections (if any), which may include e-mail,  to such disclosure to the Independent Expert.

45.    Absent timely objection, the Independent Expert may receive Protected Material under this Protective Order. Upon and pending resolution of a timely objection, disclosure to the Independent Expert must not be made. If the Notifying Party desires to challenge to the Producing Party's written objection to the Independent Expert, the Notifying Party shall so inform the Producing Party in writing, within ten (10) days of receipt of the Producing Party's written objection, of its reasons for challenging the objection. The Independent Expert shall then be allowed to receive Protected Material pursuant to the terms of this Protective Order after seven (7) days from receipt of the Producing Party's timely challenge to the written objection to the Independent Expert, unless within that seven day period, the Producing Party seeks relief from the Court pursuant to the procedures for discovery disputes set forth in the Rules of the Northern District of West Virginia, or the Parties stipulate to an agreement. Once a motion is filed, disclosure shall not occur until the issue is decided by the Court and, if the motion is denied, the appeal period from the Court order denying the motion has expired. In making such motion, it shall be the Producing Party's burden to demonstrate good cause for preventing such disclosure.

**VII.**    **Protection and Use of Information Designated as Protected Material**

46.    Persons receiving or having knowledge of Protected Material produced or disclosed pursuant to this Protective Order, will use that Protected Material only as permitted by this Protective Order. Counsel shall take reasonable steps to ensure the security of any Protected Material and will limit access to such material to those persons authorized by this Protective Order.

47.    Nothing herein shall restrict a person qualified to receive Protected Material pursuant to this Protective Order from making working copies, abstracts, digests, and analyses of such information for use in connection with this Litigation and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation into a data retrieval system used in connection with this Litigation, provided that access to such information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Protective Order.

48.    All persons qualified to receive Protected Material under this Protective Order must at all times keep all notes, abstractions, or other work product derived from or containing Protected Material in a manner to protect it from disclosure consistent with the terms of this Protective Order. Such persons are obligated to maintain the confidentiality of such work product and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other thing, or portions thereof (and the information contained therein) are destroyed pursuant to Paragraph 56. Nothing in this Protective Order requires the Receiving Party's Counsel to disclose work product at the conclusion of the case.

49.    Notwithstanding any other provisions in this Protective Order, nothing herein restricts any Party's Counsel from rendering advice to that Counsel's clients with respect to this Litigation in which the Receiving Party is permitted by this Protective Order to use Protected Material and, in the course thereof, relying upon such information, provided that in rendering such

advice, Counsel shall not disclose any other Party's Protected Material other than in a manner provided for in this Protective Order.

50.     Nothing contained in this Protective Order shall prejudice in any way the rights of any Party to object to the relevancy, authenticity, or admissibility into evidence of any document or other information subject to this Protective Order, or otherwise constitute or operate as an admission by any Party that any particular document or other information is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing.

51.     Nothing contained in this Protective Order shall preclude any Party from using its own Protected Material in any manner it sees fit, without prior consent of any Party or the Court.

52.     Inadvertent disclosure of Protected Material by the Producing Party does not make material public as long as such disclosure is swiftly remedied. A Receiving Party shall not insert materials designated as Protected Material into the Court record unless doing so complies with Section X hereof addressing the filing of Protected Material. Also, to the extent that a Producing Party uses or discloses to a non-Party its Protected Material in a manner that causes the information to lose its confidential status, the Receiving Party is entitled to notice of the Producing Party's use of the Protected Material in such a manner that the information has lost its confidentiality, and the Receiving Party may also use the information in the same manner as the Producing Party.

50.     If a Receiving Party learns of any unauthorized disclosure of Protected Material, it must immediately (a) inform the Producing Party in writing of all pertinent facts relating to such disclosure; (b) make its best effort to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

53.     Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal of this Litigation.

54.     Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal of this Litigation, or such other time as the Producing Party may agree in writing,

26

the Receiving Party must destroy (and certify the fact of destruction) all Protected Material under this Protective Order unless the document has been offered into evidence or filed without restriction as to disclosure. The Receiving Party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to emails) that may include Protected Material, or Protected Material contained in the deposition transcripts or draft or final expert reports. As to Protected Material bearing the notations, summations, or other mental impressions of the Receiving Party, that Party agrees to destroy the documents and certify to the Producing Party that it has done so.

55.    Notwithstanding the above requirements to return or destroy documents, Plaintiffs' Outside Counsel and Defendants' Outside Counsel may retain (a) any materials required to be retained by law or ethical rules, (b) one copy of their work file and work product, and (c) one complete set of all documents filed with the Court including those filed under seal, deposition and trial transcripts, and deposition and trial exhibits. Any retained Protected Material shall continue to be protected under this Protective Order. An attorney may use his or her work product in subsequent litigation, provided that the attorney's use does not disclose or use Protected Material.

**VIII.    Changes in Designation of Information**

56.    If a Party through inadvertence produces any Protected Material without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, or if the Producing Party inadvertently produces any Protected Material with the wrong confidentiality designation, the Producing Party may give written notice to the Receiving Party that the document or thing produced is designated "CONFIDENTIAL INFORMATION," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" and the document or thing produced must be treated as such in accordance with the provisions of this Protective Order. The Producing Party

27

will provide replacement media, images, and any associated production information to conform the document to the appropriate designation and facilitate use of the revised designation in the production. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to the receipt of such notice of such information, to persons not otherwise authorized to receive such information shall not be deemed a violation of this Protective Order. Any Producing Party may designate information as "CONFIDENTIAL INFORMATION," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" or withdraw a "CONFIDENTIAL INFORMATION," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" designation from any material that it has produced consistent with this Protective Order. Such redesignation shall be accomplished by notifying Counsel for each Party in writing of such redesignation and/or providing replacement images bearing the appropriate description, along with the replacement media, images, and associated production information referenced above. Upon receipt of any redesignation and replacement image that designates material as "CONFIDENTIAL INFORMATION," "CONFIDENTIAL HEALTH INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—P&T MEMBER IDENTIFYING INFORMATION" the Receiving Party shall (a) treat such material in accordance with this Protective Order; (b) take reasonable steps to notify any persons known to have possession of any such material of such redesignation under this Protective Order; and (c) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order. It is

understood that the Receiving Party's good faith efforts to procure all copies may not result in the actual return of all copies of such materials.

57.     A Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If the Receiving Party believes that portion(s) of a document or deposition are not properly designated as Protected Material, the Receiving Party will identify the specific information that it believes is improperly designated and notify the Producing Party, in writing, of its good faith belief that the confidentiality designation was not proper and must: (a) give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within seven (7) days, the basis of the chosen designation, and (b) offer to provide the Producing Party with multiple alternatives (dates and times) to meet and confer during the seven (7) day period following the date of the Receiving Party's written challenge notification. If a Receiving Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party, it shall notify the Producing Party, and the Receiving Party shall have seven (7) days from such notification to challenge the designation with the Court. These time periods may be modified, as agreed to by the Challenging and Designating Parties, or as ordered by the Court. The ultimate burden of persuasion in any such challenge proceeding shall be on the Producing Party as if the Producing Party were seeking a Protective Order pursuant to Fed. R. Civ. P. 26(c) in the first instance. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. In the event that a designation is changed by the Producing Party or by Court Order, the Producing Party shall provide replacement media, images, and associated production information as provided above.

## IX.   **Inadvertent Production of Documents**

58.     <u>Non-Waiver of Privilege.</u> The parties agree that they do not intend to disclose information subject to a claim of attorney–client privilege, attorney work product protection,

common-interest privilege, or any other privilege, immunity, or protection from production or disclosure ("Privileged Information"). If, nevertheless, a Producing Party discloses Privileged Information, such disclosure (as distinct from use) shall be deemed inadvertent without need of further showing under Federal Rule of Evidence 502(b) and shall not constitute or be deemed a waiver or forfeiture of the privilege or protection from discovery in this case or in any other federal or state proceeding by that party (the "Disclosing Party"). This Section IX shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

59.     Notice of Production of Privileged Information.

a.     Notice by Disclosing Party. If a Party or non-Party discovers that it has produced Privileged Information, it shall promptly notify the Receiving Party of the production in writing, shall identify the produced Privileged Information by Bates range where possible, identify the type of privilege claimed, and may demand that the Receiving Party return or destroy the Privileged Information.

b.     Notice by Receiving Party. In the event that a Receiving Party receives information that it believes is subject to a good faith claim of privilege by the Disclosing Party, the Receiving Party shall immediately refrain from examining the information and shall promptly notify the Disclosing Party in writing that the Receiving Party possesses potentially Privileged Information. The Disclosing Party shall have seven (7) days to assert privilege over the identified information. If the Disclosing Party does not assert a claim of privilege within the 7- day period, the information in question shall be deemed non-privileged.

60.     Recall of Privileged Information. If the Disclosing Party has notified the Receiving Party of the production of Privileged Information, or has confirmed the production of Privileged Information called to its attention by the Receiving Party, the Receiving Party shall within fourteen (14) days of receiving such notification or confirmation: (a) destroy or return to the Disclosing

Party all copies or versions of the produced Privileged Information requested to be returned or destroyed; (b) delete from its work product or other materials any quoted or paraphrased portions of the produced Privileged Information; and (c) ensure that produced Privileged Information is not disclosed in any manner to any Party or non-Party.

61.     Notwithstanding the above, the Receiving Party may segregate and retain one copy of the Privileged Information that has been returned, destroyed, sequestered, or deleted ("Clawed-Back Information") solely for the purpose of disputing the claim of privilege. The Receiving Party shall not use any produced Privileged Information in connection with this Litigation or for any other purpose other than to dispute the claim of privilege. The Receiving Party may file a motion disputing the claim of privilege and seeking an order compelling production of the material at issue; the Disclosing Party may oppose any such motion, including on the grounds that inadvertent disclosure does not waive privilege.

62.     Within 14 days of the notification that the Clawed-Back Information has been returned, destroyed, sequestered, or deleted, the Disclosing Party shall produce a privilege log with respect to the Clawed-Back Information.

63.     If, for any reason, the Disclosing Party and Receiving Party (or Parties) do not resolve their disagreement after conducting the mandatory meet and confer, the Receiving Party may initiate an appropriate procedure to challenge the privilege or protection claim with the Court. The Disclosing Party bears the burden of establishing the privileged or protected nature of any Privileged Information.

64.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing in this Order shall limit the right to request an *in camera* review of any Privileged Information.

65.    In the event any prior order or agreement between the Parties or between the Parties and a non-Party concerning the disclosure of privileged and/or work product protected materials conflicts with any of the provisions of this Order, the provisions of this Order shall control.

66.    Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the other Party that such materials have been produced.

## X.    Filing and Use at Trial of Protected Material

67.    This Protective Order does not authorize the filing of any document under seal. A party seeking to file Protected Material under seal must do so pursuant to the Court's procedures for filing information under seal.

68.    To the extent that a brief, memorandum, or pleading references any document designated as Protected Material, then the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any Protected Material. If, however, the Protected Material must be intertwined within the text of the document, a party may file a redacted version of the brief, memorandum, or pleading for the public docket and timely move the Court for leave to  file an unredacted version for sealing.

69.    Any and all filings made under seal shall be submitted according to the Court's applicable rules and procedures. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

70.    If the Court requests, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

71.      A Party that intends to present Protected Material at a hearing shall bring that issue to the Court's and Parties' attention, without disclosing the Protected Material to a person who is not authorized to receive such information. The Court may thereafter make such orders, including any stipulated orders, as are necessary to govern the use of Protected Material at the hearing. The use of any Protected Material at trial shall be governed by a separate stipulation and/or court order.

## XI.    Discovery Material Requested by Third Party; Procedure Following Request

72.      If any person receiving Discovery Material covered by this Protective Order (the "Receiving Party") is served with a subpoena, a request for information, or any other form of legal process that purports to compel disclosure of any Protected Material that was produced by a person or entity other than the Receiving Party (the "Request"), the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than five (5) business days after receiving the Request. Such notification must include a copy of the Request.

73.      The Receiving Party also must immediately inform the party who made the Request ("Requesting Party") in writing that some or all the requested material is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Requesting Party.

74.      The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its Protected Material. The Designating Party shall bear the burden and the expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging the Receiving Party in this Litigation to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody, or control of Protected Material produced by the other Party in this Litigation.

75.      Protected Material shall not be provided or disclosed to any third party in response to a request under any public records act, or any similar federal, state, or municipal law

(collectively, the "Public Disclosure Laws"), and are exempt from disclosure pursuant to this Protective Order. If a Party to this Litigation receives such a request, it shall (a) provide a copy of this Protective Order to the Requesting Party and inform it that the requested materials are exempt from disclosure and that the Party is barred by this Protective Order from disclosing them, and (b) promptly inform the Designating Party that has produced the requested material that the request has been made, identifying the name of the Requesting Party and the particular materials sought. If the Designating Party seeks a protective order, the Receiving Party shall not disclose such material until the Court has ruled on the request for a protective order. The restrictions in this paragraph shall not apply to materials that (a) the Designating Party expressly consents in writing to disclose; or (b) this Court has determined by court order to have been improperly designated as Protected Material. The provisions of this section shall apply to any person or entity in receipt of Protected Material governed by this Protective Order. Nothing in this Protective Order shall be deemed to (a) foreclose any Party from arguing that Discovery Material is not a public record for purposes of the Public Disclosure Laws; (b) prevent any Party from claiming any applicable exemption to the Public Disclosure Laws; or (c) limit any arguments that a Party may make as to why Discovery Material is exempt from disclosure.

## XII.  HIPAA-Protected Information

76.    This Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including, specifically, 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

77.     The Parties seek to ensure that any person who receives and stores "CONFIDENTIAL HEALTH INFORMATION" in connection with this Litigation will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any "CONFIDENTIAL HEALTH INFORMATION," and to prevent unpermitted use or disclosure of any "CONFIDENTIAL HEALTH INFORMATION" they may receive from any person in connection with this Litigation. At a minimum, all Parties and persons or entities who might receive "CONFIDENTIAL HEALTH INFORMATION" agree that they will (1) comply with the Privacy and Security Rules; (2) establish contractual controls that require any vendors, experts, or third parties that might receive "CONFIDENTIAL HEALTH INFORMATION" to comply with the Privacy and Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the Privacy and Security Rules. "CONFIDENTIAL HEALTH INFORMATION" will be securely returned or destroyed under the provisions of Paragraph 85 below.

78.     The Parties agree to make reasonable efforts to limit their requests for or use or disclosure of Protected Health Information to the minimum necessary to accomplish the intended purpose of the use, disclosure, or request in compliance with 45 C.F.R. §§ 164.502(b) and 514(d).

79.     Any Party who produces Protected Health Information in this Litigation shall designate such discovery material "CONFIDENTIAL HEALTH INFORMATION" in accordance with the provisions of this Protective Order.

80.     Unless otherwise agreed between counsel for the Parties, the designation of discovery material as "CONFIDENTIAL HEALTH INFORMATION" shall be made at the following times:

    a.     for documents or things, at the time of the production of the documents or things;

b.    for declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of the service or filing, whichever occurs first;

c.    for testimony, at the time such testimony is given by a statement designating the testimony as "CONFIDENTIAL HEALTH INFORMATION" made on the record or within thirty (30) days after receipt of the transcript of the deposition.

81.    The designation of discovery material as "CONFIDENTIAL HEALTH INFORMATION" shall be made in the following manner:

a.    for documents, by placing the notation "CONFIDENTIAL HEALTH INFORMATION" or similar legend on each page of such document;

b.    for tangible things, by placing the notation "CONFIDENTIAL HEALTH INFORMATION" on the object or container thereof or if impracticable, as otherwise agreed by the Parties;

c.    for declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents containing Protected Health Information, by placing the notation "CONFIDENTIAL HEALTH INFORMATION" both on the face of such document and on any particular designated pages of such document; and

d.    for testimony, by orally designating such testimony as being "CONFIDENTIAL HEALTH INFORMATION" at the time the testimony is given or by designating the portions of the transcript in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days after receipt of the certified transcript of the deposition.

82.    Pursuant to 45 C.F.R. § 164.512(e)(1), all Covered Entities and their Business Associates (as defined in 45 C.F.R. § 160.103), or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation

to those persons and for such purposes as designated herein. Further, all Parties that are entities subject to state privacy law requirements, or entities in receipt of information from such entities, are hereby authorized to disclose Protected Health Information pertaining to this Litigation to those persons and for such purposes as designated in herein. The Court has determined that disclosure of such Protected Health Information is necessary for the conduct of proceedings before it and that failure to make the disclosure would be contrary to public interest or to the detriment of one or more parties to the proceedings.

83.    The Parties shall not use or disclose Protected Health Information for any purpose other than this Litigation and any appeals. The Parties may disclose Protected Health Information to (a) counsel for the Parties and employees of counsel who have responsibility for overseeing this Litigation; (b) the Court and its personnel; (c) Court reporters; and (d) Independent Experts. No other individuals are permitted to access Protected Health Information, and all parties must institute reasonable and appropriate steps to prevent against unauthorized disclosure. Nothing in this order prohibits a party from conducting otherwise-allowed discovery from or relating to a person as to whom HIPAA-protected data has been produced based on other information obtained, either in discovery or otherwise, concerning that person.

84.    In the event that any Party learns of the unauthorized disclosure of Protected Health Information subject to this order, such Party must provide prompt notification of the unauthorized disclosure to all Parties' Counsel, such notice to include (a) the date of the unauthorized disclosure, (b) the circumstances of the unauthorized disclosure, (c) the identity or identities of the unauthorized recipients, and (d) all steps taken or planned to remedy the unauthorized disclosure.

85.    Within sixty days after dismissal or entry of final judgment not subject to further appeal, the Parties, their counsel, and any person or entity in possession of Protected Health Information received pursuant to this Order shall destroy or return to the Covered Entity or Business Associate such Protected Health Information.

86.     Nothing in this Order authorizes the parties to obtain Protected Health Information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or any other lawful process.

## XIII.    Information Subject to Existing Obligation of Confidentiality Independent of this Protective Order

87.     In the event that a Party is required by a valid discovery request to produce any Protected Material held by it subject to an obligation of confidentiality in favor of a non-Party, the Party will, upon recognizing that such non-Party's rights are implicated, promptly provide the non-Party with a copy of this Protective Order and (a) inform the non-Party in writing of the Party's obligation to produce such information in connection with this Litigation and of its intention to do so, subject to the protections of this Protective Order; (b) inform the non-Party in writing of the non-Party's right within fourteen (14) days to seek further protection or other relief from the Court if, in good faith, it believes such information to be confidential under the said obligation and either objects to the Party's production of such information or regards the provisions of this Protective Order to be inadequate; and (c) seek the non-Party's consent to such disclosure if that non-Party does not plan to object. Thereafter, the Party shall refrain from producing such information for a period of fourteen (14) days in order to permit the non-Party an opportunity to seek relief from the Court, unless the non-Party earlier consents to disclosure. If the non-Party fails to seek such relief, the Party shall promptly produce the information in question subject to the protections of this Protective Order, or alternatively, shall promptly seek to be relieved of this obligation or for clarification of this obligation by the Court.

## XIV.    Miscellaneous Provisions

88.     Entry of this Protective Order confirms that dispensing data that may be produced by the Defendants, and Child Protective Services case files that may be produced by Plaintiffs, may not be shared outside of this Litigation without express agreement by the Producing Party or an order of the Court.

89.     For every provision in this Protective Order that calls for delivery of notice, objections, or other information to another party "in writing," e-mail suffices as the form of delivery.

90.     Nothing in this Protective Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced for use in discovery or at trial.

91.     Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

92.     In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Producing Party may immediately apply to obtain injunctive relief against any person violating or threatening to violate any of the terms of this Protective Order, and in the event the Producing Party shall do so, the respondent, subject to the provisions of this Protective Order, shall not employ as a defense to the claim that the Producing Party possesses an adequate remedy at law.

93.     This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement of the Parties or by the Court.

94.     This Protective Order may be amended without leave of the Court by agreement of Outside Counsel for the Parties in the form of a written stipulation filed with the Court. The Protective Order shall continue in force until amended by the Parties or superseded by express order of the Court, and shall survive and remain in effect after the termination of this Litigation.

95.     Notwithstanding any other provision in the Order, nothing in this Protective Order shall affect or modify Defendants' ability to review Plaintiffs' information and report such information to any applicable regulatory agencies.

96.     This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or information designated as Protected Material by Counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

97.     Defendants wish to receive documents previously produced in the West Virginia state court opioid litigation (*In Re: Opioid Litigation*, Civil Action No. 19-C-1900 (Cir. Ct. Kanawha County)).  Accordingly, with respect to those documents, Defendants agree to be and are hereby bound by the July 30, 2020 Stipulated Protective Order (Transaction ID 65810931) from that West Virginia state court opioid litigation ("WV State Protective Order").  Defendants will not disclose in any manner any information or item that is subject to the WV State Protective Order to any person or entity except in strict compliance with the provisions of the WV State Protective Order.  Defendants further agree to submit to the jurisdiction of the Circuit Court of Kanawha County for the sole and only purpose of enforcing terms of the WV State Protective Order, even if such enforcement proceedings occur after termination of those proceedings.

**IT IS SO ORDERED.**

**DATED**: _____

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| Ohio County Commission, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>Express Scripts, Inc., *et al.*,<br><br>     Defendants. | Lead Case No.: 5:24-CV-142-JPB<br><br>Honorable John Preston Bailey |

**EXHIBIT A TO PROTECTIVE ORDER**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned agrees:

1.  I declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of West Virginia on _____, 2025 in the consolidated actions *Ohio County Commission et al v. Express Scripts, Inc. et al.*, Case No. 5:24-CV-142-JPB and *City of Wellsburg et al. v. Express Scripts, Inc. et al.*, No. 5:25-CV-164-JPB (the "Protective Order").

2.  I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

3.      I further agree to submit to the jurisdiction of the United States District Court for the Northern District of West Virginia for the purposes of enforcing terms of the Protective Order, even if such enforcement proceedings occur after termination of these proceedings.


Date: _____


City and State where sworn and signed: _____


Printed Name: _____


Signature: _____