**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| Ohio County Commission, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Express Scripts, Inc., *et al.*, <br><br> Defendants. | Case No.: 5:24-CV-142-JPB <br><br> Honorable John Preston Bailey |
| State of West Virginia *ex rel.* John B. McCuskey, Attorney General, <br><br> Plaintiff, <br><br> v. <br><br> Evernorth Health, Inc., *et al.*, <br><br> Defendants. | Case No.: 5:25-CV-182-JPB <br><br> Honorable John Preston Bailey |

**STATUS REPORT FOLLOWING SUPERVISED**
**MEET AND CONFER**

Pursuant to the instructions provided by the Court's career law clerk Haley Dill at the July 23 supervised meet-and-confer, *see* ECF No. 366, the Express Scripts Defendants file this status report to update the Court on its efforts to negotiate with the West Virginia Department of Human Services (**DoHS**), the West Virginia Office of the Chief Medical Examiner (**OCME**), the West Virginia Bureau for Public Health (**BPH**), the West Virginia Office of Drug Control Policy (**ODCP**) (collectively, **Public Health Agencies**), the West Virginia Attorney General's Office (collectively, **Subpoenaed Agencies**) and the State of West Virginia. Because the Subpoenaed Agencies failed to respond to Express Scripts' many outreaches attempting to resolve or narrow

the disputes concerning Express Scripts' pending subpoenas, Express Scripts respectfully requests that the Court (i) grant Express Scripts' motion to compel, (ii) deny the Subpoenaed Agencies' motions to quash, and (iii) deny the State's motion for protective order. *See* ECF Nos. 305–308, 313–315; No. 5:25-CV-182-JPB, ECF No. 69.

On July 23, 2026, with Ms. Dill's supervision, Express Scripts, the Subpoenaed Agencies, and the State met and conferred for several hours. Express Scripts was able to successfully resolve its subpoena disputes with other state agencies that are not at issue in this status report. However, these Subpoenaed Agencies and the State were unwilling to engage substantively on the subpoenas and how to resolve or narrow any disputes because they insisted that Express Scripts must first withdraw its existing subpoenas and issue new ones—which Express Scripts refused to do, and which the Court denied. The State then requested from Ms. Dill an additional two weeks to meet and confer, which she granted, and additionally directed that the Parties should file a joint status report on August 7 to memorialize their compromises.

In furtherance of this directive, Express Scripts drafted a joint status report outlining proposed compromises and sent it for the Subpoenaed Agencies' and the State's review on July 28. Ex. A, Email from R. Goldstein. Hearing nothing, on August 3, Express Scripts followed up by email. *Id.* Counsel for the Public Health Agencies responded that day to say the draft had just been forwarded to his clients for review. *Id.* On August 4, Express Scripts again asked the Attorney General's Office when it could expect comments to the draft joint status report. *Id.* The Attorney General's Office did not respond.

On August 6, Express Scripts once more emailed the Subpoenaed Agencies and the State, inquiring into the status of any feedback on the draft joint status report, which Express Scripts had shared nine days earlier. Ex. A. The Public Health Agencies' counsel responded that the

2

compromises proposed in the joint status report did not work for his clients; Express Scripts followed up by asking for line edits to specifically identify the disagreements, but counsel for the Public Health Agencies' did not respond. *Id.* The State, despite leading discussions on behalf of the Subpoenaed Agencies during the July 23 conference, disclaimed any position on the joint status report and referred questions to the Attorney General's Office. Ex. B, Email from P. King.

With the status report due today, Express Scripts yet again emailed the Subpoenaed Agencies and the State this morning—August 7—to ask for edits to the joint status report given the impending deadline. Ex. A. After having not responded to any of Express Scripts' emails dating back to July 28, the Attorney General's Office finally responded for the first time, but only to ask for a two-week extension "to continue working through the issues to find common ground." *Id.* The Public Health Agencies likewise responded to ask for a two-week extension because "the agencies are working towards a resolution and need 2 weeks to finalize." *Id.*

Because the Subpoenaed Agencies and the State have not, in fact, worked to find "common ground" or "resolution" since the last two-week extension was granted on July 23, or provided any substantive responses to Express Scripts' multiple documented outreaches, Express Scripts does not believe another two-week extension is warranted or would help to resolve the Parties' disputes. Express Scripts has shown willingness to compromise with these Subpoenaed Agencies and other state agencies: indeed, Express Scripts and the West Virginia Offices of the Insurance Commissioner and the West Virginia Board of Medicine are finalizing their joint status report outlining compromises reached during and since the July 23 conference. As explained then and as remains true now, Express Scripts will accommodate the Subpoenaed Agencies on the mechanics of document collection and production. But to do so, the scope of the subpoenas, served in

November 2025, needs to be resolved, whether by agreement or by the Court. The obfuscation by the Subpoenaed Agencies and the State should not be rewarded with further delays.

Accordingly, Express Scripts respectfully requests that the Court rule on the Parties' pending motions regarding Express Scripts' subpoenas. *See* ECF Nos. 305–308, 313–315; No. 5:25-CV-182-JPB, ECF No. 69. In particular, and for the reasons stated therein, Express Scripts requests that the Court grant Express Scripts' motions to compel production from the Subpoeaned Agencies, deny the Subpoenaed Agencies' motions to quash, and deny the State's motion for a protective order.

Dated: August 7, 2026

Respectfully Submitted,

*William J. Ihlenfeld*
William J. Ihlenfeld (WV Bar No. 7465)
Maximillian F. Nogay (WV Bar No. 13445)
**MAVERICK LITIGATION**
Post Office Box 613
Morgantown, WV 26507
wji@maverickwv.com
max@maverickwv.com
Tel: (304) 322-6625
Fax: (304) 906-2560

Charles R. Bailey (WV Bar #202)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
cbailey@baileywyant.com

4

Justin C. Taylor
Senior Trial Counsel
LITCHFIELD CAVO LLP
8 Capitol Street
Terminal Building - 4th Floor
Charleston, WV 25301
(304) 833-9958
TaylorJ@LitchfieldCavo.com

Michael Lyle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C. 20004
(202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Patrick King (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
700 Louisiana St., Suite 3900
Houston, TX 77002
(713) 221-7000
patrickking@quinnemanuel.com

Elisabeth Miller (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
elisabethmiller@quinnemanuel.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on this 7th day of August, I served the foregoing document on all counsel of record via the Court's Electronic Case Filing (ECF) system.

Dated: August 7, 2026.

<u>/s/ Maximillian F. Nogay</u>
Maximillian F. Nogay
