**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**OHIO COUNTY COMMISSION, et al.,**

      **Plaintiffs,**

                                    **Civil Action No. 5:24-CV-142-JPB**
**v.**                                  **Honorable John Preston Bailey**

**EXPRESS SCRIPTS, INC., et al.,**

      **Defendants.**

**Joint Status Report of State Agency Respondents and the State of West Virginia**
**Concerning Pending Motions to Enforce or Quash Subpoenas**

Pursuant to the Court's Order (ECF No. 336), counsel for the State of West Virginia, the Express Scripts Defendants, and several West Virginia State Agency Respondents[1] convened at the federal courthouse in Wheeling on July 23, 2026, to meet and confer regarding their disputes over the Express Scripts Defendants' pending subpoenas to the State Agency Respondents.

Over the course of several hours, the conferees discussed the scope and substance of the subpoenas. The State Agency Respondents made several proposals that the Express Scripts Defendants rejected without any counter-proposal. Ultimately, the State Agency Respondents offered to provide the Express Scripts Defendants with certain work product and discovery materials from prior opioid litigation — none of which the State Agency Respondents could be required to provide in discovery, but which the Express Scripts agreed could be used to identify documents already in their possession to narrow the scope of the pending subpoenas.

---

[1] For purposes of this Status Report, the State Agency Respondents include the Office of the West Virginia Attorney General, the West Virginia Department of Health, the West Virginia Office of the Chief Medical Examiner, the West Virginia Department of Human Services, and the West Virginia Office of Drug Control Policy.

The parties were ordered to submit a Status Report by August 7, 2026. On July 28, 2026, the Express Scripts Defendants provided the State Agency Respondents with a "proposed agreement for moving forward with the subpoenas." *See* Exhibit A, ESI Proposal. Unfortunately, the Express Scripts proposal went far beyond what was discussed at the conference. Rather than a proposal for simply narrowing the scope of the subpoenas, the proposed agreement would instead create an open-ended discovery management relationship that shifts much of Express Scripts' burden onto the State Agency Respondents. Among other flaws, the Express Scripts proposal does not provide protection for privileged documents, confidential information, work product, HIPAA and other statutory protections, or clawbacks. It would also allow Express Scripts to indefinitely expand the scope of the Agencies' productions without returning to the Court with a particularized showing of need. Nor is there any cost-shifting proposal, as required by Fed. R. Civ. P. 45.

In contrast to the Express Scripts Defendants — who are represented by three separate law firms with dozens of individual lawyers — the State Agency Respondents are represented by individual imbedded attorneys within the Attorney General's office, many of whom were unavailable due to pre-scheduled commitments in the two weeks since the conference. As a result, the State Agency Respondents asked Express Scripts for two additional weeks to consult with their clients about Express Scripts' expanded proposal. Express Scripts refused that request, unilaterally converting the Court's status report deadline into a final deadline to reach an agreement on all aspects of the pending subpoenas.

The State Agency Respondents remain committed to resolving this dispute in good faith — as evidenced by their offer to provide (without precondition) protected work product for the purpose of accelerating Express Scripts' review of previously produced documents. However,

they are simply unable to accede to Express Scripts' demand for an immediate, universal agreement to produce documents that far exceeds the permissible scope of discovery.

Accordingly, the State Agency Respondents respectfully request an additional two weeks —until August 21, 2026 — to reach an agreement on the pending subpoenas.

**Respectfully submitted,**

*/s/ Jace H. Goins*
Jace H. Goins (WVSB #6894)
*Chief Deputy Attorney General*
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Jace.H.Goins@wvago.gov
*Counsel for the Office of the West Virginia
Attorney General and Counsel for the State
of West Virgina.*

Steven R. Compton (WVSB #6562)
*Deputy Attorney General*
West Virginia Attorney General's Office
812 Quarrier Street, 6th Floor
Charleston, WV 25301
Telephone: 304-558-2131
*Counsel for the West Virginia Department of
Health, West Virginial Office of the Chief
Medical Examiner, West Virginia
Department of Human Services, and West
Virginia Department of Drug Control Policy*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**OHIO COUNTY COMMISSION, et al.,**

      **Plaintiffs,**

                                           **Civil Action No. 5:24-CV-142-JPB**
**v.**                                           **Honorable John Preston Bailey**

**EXPRESS SCRIPTS, INC., et al.,**

      **Defendants.**

I certify that on the **7th** day of **August 2026**, a true and correct copy of the foregoing *Joint Status Report of State Agency Respondents and the State of West Virginia Concerning Pending Motions to Enforce or Quash Subpoenas* was filed electronically via the Court's CM/ECF system, which will send notice to all counsel of record and to any unrepresented parties as reflected on the docket.

                                        */s/ Jace H. Goins*
                                        Jace H. Goins (WVSB #6894)