**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Ohio County Commission, *et al.*,

               Plaintiffs,

v.

Express Scripts, Inc., *et al.*,

               Defendants.

Case No.: 5:24-CV-142-JPB

Honorable John Preston Bailey

**JOINT STATUS REPORT FOLLOWING SUPERVISED**
**MEET AND CONFER**

Pursuant to the instructions provided by the Court's career law clerk Haley Dill at the July 23, 2026 supervised meet-and-confer, *see* ECF No. 366, the Express Scripts Defendants, the West Virginia Offices of the Insurance Commissioner (**OIC**), and the West Virginia Board of Medicine (**BOM**) file this Joint Status Report to memorialize their agreement regarding Express Scripts' subpoenas that are the subject of Express Scripts' motion to compel and OIC's motion to quash. *See* ECF Nos. 310, 314. Express Scripts and OIC will soon file mutual motions to withdraw their respective motions without prejudice on the basis of the agreement outlined below.

**I.      OIC**

Reserving all rights and objections, and without waiving any privilege, protection, or position previously asserted, OIC and Express Scripts have agreed to the following:

A.     OIC will gather and produce the fourth quarter 2025 PBM reports that were due to OIC on March 15, 2026. *See* ECF No. 315 at 21. OIC will not be required to produce subsequent PBM reports because those reports are publicly available online pursuant to West Virginia Code § 33-51-12(d).

B.     OIC will conduct a preliminary review of documents returned by the parties' agreed-upon search terms within the OIC's current IT platform to identify documents that are clearly not responsive to Express Scripts' requests. OIC will then propose revised search terms to Express Scripts meant to exclude these clearly

non-responsive documents. This preliminary review does not require OIC to review every document returned by the existing search terms or to search any legacy system.

C.      Upon the parties' agreement on revised search terms, OIC will begin a rolling production of responsive, nonprivileged, and non-confidential documents located within the OIC's current IT platform as soon as possible. The timing and scope of that production will remain subject to the volume of material identified, the availability of OIC personnel and resources, and any applicable confidentiality, privilege, or other legal restrictions.

D.      OIC will determine if it possesses claims data and related documents to supplement the claims data produced in prior opioids litigation, reproduced to Express Scripts at Bates Number WVMLP-AG005412641. *See* ECF No. 239-6. If the relevant claims data are in the custody or possession of another agency or entity, OIC will inform Express Scripts. If OIC determines that potentially relevant claims data are maintained by another agency or entity, OIC will so advise Express Scripts; however, OIC does not undertake any obligation to obtain or produce records outside its possession, custody, or control.

E.      ESI maintains that its original subpoena requests the additional claims data described above, but OIC disagrees that it does. To resolve this dispute, and while reserving all rights and waiving none, Express Scripts agrees to serve an amended subpoena to request the additional claims data, with the express understanding from OIC that this amended subpoena in no way alters or affects the timing or scope of production of other discovery from OIC as outlined in this joint status report. Following receipt of an amended subpoena, the parties will promptly meet and confer regarding its scope and the burden, format, timing, and feasibility of any production. If OIC determines that responsive data exist within its possession, custody, or control and can be produced without undue burden, OIC will undertake reasonable efforts to produce the data in a spreadsheet substantially similar in format to the spreadsheet produced in the prior opioid litigation. OIC makes no representation that it possesses any additional claims data, including data for periods subsequent to those covered by the prior production, and expressly reserves all objections to any amended subpoena.

F.      OIC will make a reasonable inquiry, based on information available to it, to determine whether potentially responsive documents from its former Microsoft IT platform were not migrated to its current IT platform and therefore would not be captured by searches of the current platform. *See, e.g.*, ECF No. 310-4. This inquiry does not obligate OIC to restore, search, review, or produce materials from any legacy system.

G.      OIC maintains its objections to searching or producing records from legacy IT systems, including its former Microsoft platform, and from materials maintained on microfilm or microfiche, on the grounds that such efforts would impose an undue burden and expense, among other applicable objections. *See, e.g.*, ECF No.

330 at 16. Express Scripts maintains its position that such materials are relevant and discoverable because Plaintiffs' claims span approximately thirty years. *See, e.g.*, ECF No. 327 at 1; ECF No. 341 at 6–7. The parties expressly reserve all rights, arguments, and objections concerning legacy materials while prioritizing the review and production of reasonably accessible records. If necessary, the parties will meet and confer in good faith concerning whether any specifically identified legacy records may be retrieved through a proportionate and minimally burdensome process. If the parties cannot resolve the issue, either party may present it to the Court.

H.    After reviewing OIC's productions, Express Scripts will identify with reasonable particularity any specific document or narrowly defined category of documents it believes may exist but has not been produced, including any specifically identified periodic publication or report. Express Scripts will provide sufficient information to permit OIC to conduct a targeted search without undue burden. Unless otherwise agreed between OIC and Express Scripts, or ordered by the Court, any such supplemental search will be limited to OIC's current IT platform and to materials within OIC's possession, custody, or control. OIC reserves all objections to any such request, including objections based on relevance, proportionality, burden, privilege, and confidentiality.

I.    OIC reserves the right to withhold, redact, or seek appropriate protection for information subject to the attorney-client privilege, work-product protection, governmental or deliberative privileges, statutory confidentiality requirements, privacy protections, protective orders, or any other applicable protection or restriction. To the extent required by Federal Rule of Civil Procedure 45(e)(2)(A), OIC will provide a privilege log or other appropriate description sufficient to permit Express Scripts to assess the asserted claim of privilege or protection. Inadvertent production will not constitute a waiver of any applicable privilege, protection, or confidentiality restriction, and the parties will comply with the procedures set forth in any applicable protective order and Federal Rule of Evidence 502.

J.    To the extent Express Scripts modifies, limits, or narrows subpoenas issued to other state agencies based on its review of information produced in separate opioid litigation, Express Scripts will promptly disclose those modifications to OIC and afford OIC the benefit of any modification or limitation that is reasonably applicable to Express Scripts' subpoena to OIC. Nothing in this agreement constitutes an admission that any requested material is relevant, proportional, discoverable, or within OIC's possession, custody, or control. Nor does this agreement expand OIC's obligations beyond those imposed by Federal Rule of Civil Procedure 45, waive OIC's status as a nonparty, or waive any objection previously asserted or otherwise available to OIC.

K.    With respect to each of the points above, OIC and Express Scripts agree to work cooperatively to minimize the burden and expense for all parties while ensuring complete, accurate, and timely productions in response to Express Scripts' requests.

## II.    BOM

Reserving all rights and waiving none, BOM and Express Scripts have agreed to the following:

A.    BOM has provided the search terms used for its productions in the MDL manufacturer opioid case. The parties will work cooperatively to refine the search terms, temporal scope and document repositories to be searched to limit duplication with what was previously produced.

B.    BOM will run Express Scripts' search terms in the custodial files of Mark Spangler and Robert Knittle, as well as its "Board and Committee" files. BOM and Express Scripts will work cooperatively and in good faith to revise search terms based on hit counts to minimize the burden on BOM and to avoid duplication of past productions.

C.    The parties agree that BOM need not run search terms through drives or document repositories that are comprised of completely publicly available documents or completely confidential documents that are protected from discovery by statute or regulation, specifically the Board's complaint and investigatory files protected from discovery in civil proceedings under W. Va. Code § 30-3C-3(c). Express Scripts agrees to review publicly available documents and the parties will meet and confer regarding specific, additional information that Express Scripts requests, if any.

D.    To the extent BOM withholds or redacts documents for any reason other than protection under W. Va. Code § 30-3C-3(c), and as required by Federal Rule of Civil Procedure 45(e)(2)(A), BOM will provide a privilege log or other appropriate description sufficient to permit Express Scripts to assess the asserted claim of privilege or protection. Inadvertent production will not constitute a waiver of any applicable privilege, protection, or confidentiality restriction, and the parties will comply with the procedures set forth in any applicable protective order and Federal Rule of Evidence 502.

E.    Once search terms are finalized, BOM will conduct a review of the responsive documents with respect to applicable privileges or other protected information such as protected health information as soon as reasonably possible. As the review is completed, the BOM will produce responsive document on a rolling basis. BOM's productions will begin notwithstanding its privilege review for other documents remains pending.

F.    Express Scripts will review BOM's productions to identify any remaining and/or specific documents that may exist but have not been produced, such as periodical publications or reports. Express Scripts will endeavor to identify these documents with as much specificity as possible to ease BOM's search.

G.    With respect to each of the points above, BOM and Express Scripts agree to work cooperatively to minimize the burden and expense for all parties while ensuring complete, accurate, and timely productions in response to Express Scripts' requests.

Dated: August 7, 2026

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER**

 /s/ Cassandra L. Means-Moore
Cassandra L. Means-Moore (WVSB# 10522)
Deputy Attorney General
West Virginia Attorney General's Office
Building 1, Room W-435
Charleston, West Virginia 25305
304-558-2522
Fax: 304-558-2525
Email: cassandra.l.means-moore@wvago.gov

**WEST VIRGINIA BOARD OF MEDICINE**

 /s/ J.H. Mahaney
J.H. Mahaney, Esquire (W. Va. Bar No. 6993)
john.mahaney@dinsmore.com
**DINSMORE & SHOHL LLP**
611 Third Avenue
Huntington, WV 25701
P: (304) 529-6181/F: (304) 522-4312 (facsimile)

Respectfully Submitted,

By: William J. Ihlenfeld
William J. Ihlenfeld (WV Bar No. 7465)
Maximillian F. Nogay (WV Bar No. 13445)
**MAVERICK LITIGATION**
Post Office Box 613
Morgantown, WV 26507
wji@maverickwv.com
max@maverickwv.com
Tel: (304) 322-6625
Fax: (304) 906-2560

Charles R. Bailey (WV Bar #202)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
cbailey@baileywyant.com

Justin C. Taylor
Senior Trial Counsel
LITCHFIELD CAVO LLP
8 Capitol Street
Terminal Building - 4th Floor
Charleston, WV 25301
(304) 833-9958
TaylorJ@LitchfieldCavo.com

Michael Lyle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Street NW, Suite 600

5

Washington, D.C. 20004
(202) 538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Patrick King (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
700 Louisiana St., Suite 3900
Houston, TX 77002
(713) 221-7000
patrickking@quinnemanuel.com

Elisabeth Miller (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
elisabethmiller@quinnemanuel.com

*Counsel for Defendants*

6

## **CERTIFICATE OF SERVICE**

It is hereby certified that on this 7th day of August, I served the foregoing document on all counsel of record via the Court's Electronic Case Filing (ECF) system.

DATED August 7, 2026.

/s/ Maximillian F. Nogay
Maximillian F. Nogay

7